HARRIS, J.
Felton was convicted of aggravated battery with a firearm. He appeals claiming prosecutorial misconduct in relation to the closing argument. We find most of the instances of alleged improper argument not to be improper. For example, when the credibility of the victim-witness was challenged because of his criminal record, the prosecutor responded:
In this case you had Reginald Bellamy who’s been convicted, he said seven times of a felony. But that only applies in whether to decide to believe what he told you. That doesn’t mean he’s a bad person. That doesn’t mean that it is open season on everyone who has a felony conviction; that he have a felony conviction you can just be shot and no one is going to believe you and too bad, Charlie, maybe it will get you next time ... Mr. Bellamy is entitled to the same protection that you and I would be entitled to. And I’m sure you all appreciate that.
*794 This was a wordy way of explaining to the jury that the admission of Bellamy’s criminal record could be used only to impeach his testimony and not to show that he was a bad person who deserved to be battered.
Further, we believe it appropriate for the prosecutor to point out to the jury the demeanor of the defendant during his testimony and to suggest to the jury that the defendant’s version, based on the evidence, “makes no sense.” For example, the prosecutor pointed out that Felton testified that he shot Bellamy when Bellamy was running toward him even though photographs demonstrated that Bellamy was shot inside the car.
The prosecutor also said:
Once again, use your common sense when you come in here as to who is telling the truth. I could have paraded fifty witnesses in here that saw this, eyewitnesses, but there’s not one that testified as well as that physical evidence does through the pictures and through the diagrams, no one.
To suggest that the State had additional witnesses who might add to the evidence that it could have called, but did not, is normally improper. But in this case, the State specifically advised the jury that there were no witnesses which it could have called that could assist the jury more than the “physical evidence” already before it. As to the number of potential witnesses, the defense responded, “He said he could have put on fifty witnesses. He probably could have, had anybody been interviewed or had any investigation taken place.” Thus the defense chose to use the prosecutor’s possible exaggeration as to the number of eyewitnesses not called as proof of a shoddy investigation. He cannot now claim error because of it.
Even under the heightened standard of prosecutorial professionalism required by Ruiz v. State, 743 So.2d 1 (Fla.1999), Felton has shown no grounds for reversal.
AFFIRMED.
COBB, J., and ORFINGER, M„ Senior Judge, concur.